UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| AMY FOSTER, *Individually and as Administrator and Personal Representative for the Estate of Noah Foster, et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | No. 6:19-CV-164-REW-HAI <br><br> OPINION AND ORDER |

*** *** *** ***

**I.     Background**

Plaintiffs Amy Foster, Individually and as Administrator and Personal Representative for the Estate of Noah Foster; Michael Foster, as Administrator and Personal Representative for the Estate of Scott Foster; Sara Whitaker, as Administrator and Personal Representative for the Estate of Doug Whitaker; and Kamryn Stewart, as Co-Administratrix of the Estate of Kyle Stewart (collectively, "Plaintiffs") sued Defendant United States of America on behalf of a deceased pilot and his passengers following an aircraft accident in November 2017. *See* DE 56 (Foster/Whitaker Amended Complaint); DE 63 (Stewart Amended Complaint). Specifically, Plaintiffs brought claims under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671– 2680, for the purported negligence of an on-duty air traffic controller. *See* DE 56; DE 63. After protracted discovery and a swath of evidentiary and dispositive motions, the nearly five-year litigation culminated in a six-day bench trial that involved 17 witnesses (including 11 expert witnesses) and 68 exhibits. Ultimately, the Court found for the United States, concluding that the pilot breached

his duty of care, but the air traffic controller did not. *See generally* DE 206 (Rule 52 Memorandum of Decision). This resulted in no recovery for the Plaintiffs.

Shortly thereafter, the United States filed a bill of costs, seeking reimbursement from Plaintiffs for a total of $46,599.08 in transcript and witness fees. *See* DE 208 (Bill of Costs). In response, the Foster/Whitaker Plaintiffs filed a motion, requesting that the Court disallow any costs in this case because "[a]sking for costs . . . in emotionally charged cases like this against widows . . . who are providing for remaining children is cruel." *See* DE 209 (Motion) at 2, 4; DE 210 (Response in Opposition) at 2, 4. The Foster/Whitaker Plaintiffs also asked the Court to tax any allowable costs against the estates instead of against the administrators personally or alternatively, that the Court divide the costs equally between Plaintiffs. *See* DE 209 at 2, 4; DE 210 at 2, 4. The United States opposed the motion to disallow, arguing that the motion was premature, that "cruelty" is not a proper basis for denying costs, and that the Court should tax costs against Plaintiffs individually. *See* DE 211 (Response in Opposition) at 2–6.

The Court referred the resolution of the bill of costs and the motion to disallow to Magistrate Judge Hanly A. Ingram. *See* DE 212 (Referral Order). After conducting supplemental briefing, Judge Ingram issued a recommended disposition. *See* DE 214 (Supplemental Declaration); DE 216 (Response to Declaration); DE 217 (Recommended Disposition). The Foster/Whitaker Plaintiffs timely objected. *See* DE 218 (Objection). The matter is ripe for review.

**II.     Recommended Disposition**

In the recommended disposition, Judge Ingram first determined that the motion to disallow was procedurally proper. *See* DE 217 at 3. Next, he concluded that the costs sought were proper and taxable under Rule 54(d)(1) and 28 U.S.C. § 1920, and that the Foster/Whitaker Plaintiffs had not established that a cost award would be inequitable. *See id.* at 3–6. Finally, Judge Ingram found

that the Court should jointly and severally tax costs according to formal party designations (*i.e.,* against Plaintiff Amy Foster in her individual and representative capacities but against the remaining plaintiffs in their representative capacities). *See id.* at 8. Judge Ingram thus recommended that the Court grant the bill of costs, impose the costs jointly and severally, and limit costs according to formal party designations. *See id.* He further recommended that the Court largely deny the motion to disallow costs. *See id.*

### III.    Standard

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* But the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review). The Court tailors its analysis accordingly.

The Foster/Whitaker Plaintiffs object to Judge Ingram's recommendations that the Court award costs to the United States and impose the costs jointly and severally. *See* DE 218 at 2. The Court will review these issues *de novo* and according to the content of the objections and record.

### IV.    Analysis

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) thus "creates a presumption in favor of awarding costs, but allows denial of costs at the discretion

3

of the trial court." *Freeman v. Blue Ridge Paper Prod., Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015) (citation and quotation marks omitted).[1] The district court has the discretion to deny costs when a cost award "would be inequitable under all the circumstances in the case." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (citation and quotation marks omitted). However, a district court cannot deny costs unless it examines the Sixth Circuit's criteria for circumstances sufficient to justify a denial of costs. *See Bivins v. U.S. Pipe & Foundry Co.*, 48 F. App'x 570, 573 (6th Cir. 2002) Relevant circumstances include the "losing party's good faith;" the propriety "with which the losing party conduct[ed] the litigation;" the prevailing party's behavior; the difficulty and closeness of the case; the significance of the victory; the indigency of the losing party; the necessity or the reasonableness of the costs; and the likelihood of a chilling effect on similar future litigants. *See Joseph v. Joseph*, No. 23-3602, 2024 WL 3493323, at *2–3 (6th Cir. May 10, 2024); *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). The losing party bears the burden to show "circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White*, 786 F.2d at 732 (citations and quotation marks omitted).

The Foster/Whitaker Plaintiffs do not object to Judge Ingram's findings that the costs sought are taxable under 28 U.S.C. § 1920. Rather, the crux of their objection is that the Court

---

[1] The Foster/Whitaker Plaintiffs argue that the recommended disposition erroneously cites *White & White, Inc. v. American Hospital Supply Corporation*, 786 F.2d 728 (6th Cir. 1986) for the proposition that Rule 54(d)(1) creates a presumption in favor of awarding costs because that case relied on a prior version of Rule 54(d)(1). *See* DE 218 at 3–4. The prior version of the Rule stated that costs "*shall* be allowed to the prevailing party" rather than "*should* be allowed to the prevailing party." *Compare* Fed. R. Civ. P. 54(d) (1961) *with* Fed. R. Civ. P. 54(d) (2009). The Foster/Whitaker Plaintiffs frame this as a "substantive change" to the rule. *See* DE 218 at 4. The Court disagrees. The use of "should," like the use of "shall," still imposes a directive on courts to award costs to the prevailing party, absent authority otherwise. In the Court's view, the change merely represents a modernization of the Rule's verbiage. And, as the Foster/Whitaker Plaintiffs concede, *see* DE 218 at 4, the Sixth Circuit has continued to construe Rule 54(d)(1) as "creat[ing] a presumption in favor of awarding costs," *see, e.g.*, *Freeman*, 624 F. App'x at 937.

4

should exercise its discretion to deny costs because the circumstances are sufficient to overcome the presumption in favor of awarding costs. *See* DE 218 at 4–8.

As the objection points out, *see id.* at 6, Judge Ingram only addressed the Foster/Whitaker Plaintiffs' ability to pay the fine without regard to the remaining Sixth Circuit criteria, *see* DE 217 at 6. This was incomplete. The Court will thus examine the Sixth Circuit's full criteria to determine if, altogether, the circumstances are enough to overcome the presumption in favor of awarding costs. Here, because the circumstances demonstrate that the imposition of such an award would be inequitable, the Court, in its discretion, declines to award costs to the United States.[2]

Counseling against a cost award, the Foster/Whitaker Plaintiffs litigated this action in good faith[3] and with propriety. The record does not indicate that the lawsuit itself or any pretrial motion was frivolous, extraneous, or without substance. The action survived summary judgment and necessitated an intensive bench trial. *See* DE 117 (Order Denying Summary Judgment) (finding "triable issues" prevented summary judgment) at 1. While discovery and the evidence it yielded were voluminous, the parties mutually engaged in efforts to streamline the process and minimize costs. For the most part, depositions were conducted remotely and within the time allotted by Rule 30(d)(1). *See, e.g.,* DE 86 (Turner Transcript); DE 87 (Lagaly Transcript); DE 88 (Orloff Transcript); DE 89 (Copley Transcript); DE 93 (Richins Transcript); DE 96-2 (Norton Transcript); DE 102-1 (Luck Transcript); DE 148-1 (Bloomfield Transcript); DE 148-2 (Johnson Transcript); DE 148-3 (Hipsh Transcript); DE 148-6 (McVay Transcript); DE 148-8 (Weber Transcript); DE

---

[2] The issue is a matter of discretion. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 107 S. Ct. 2494, 2497 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.").

[3] Good faith, by itself, is "[a]n insufficient basis for denying costs." *White*, 786 F.2d at 730. However, the Foster/Whitaker Plaintiffs' good faith, in combination with the other circumstances present in this case, justifies a denial of costs.

148-10 (Schreiber Transcript). All things considered, discovery disputes were relatively minimal. The parties also entered into comprehensive stipulations as to underlying facts, the governing law, and the authenticity and admissibility of exhibits. *See* DE 186 (Joint Stipulations).

For similar reasons, though, the United States's behavior during the litigation weighs in favor of a cost award. In examining the prevailing party's behavior, the Court must consider if the party "unnecessarily prolong[ed] trial" or "inject[ed] unmeritorious issues." *Freeman*, 624 F. App'x at 938 (citation and quotation marks omitted). Nothing in the record suggests that the United States prolonged trial unnecessarily, pursued unmeritorious issues, or otherwise acted in bad faith. As discussed, the parties jointly undertook efforts to conduct the litigation, complex as it was, efficiently.

The closeness and the difficulty of the case weigh most heavily against a cost award, in the Court's view and discretion. "'The closeness [or difficulty] of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case.'" *See Joseph*, 2024 WL 3493323, at *2 (quoting *White*, 786 F.2d at 732–33). "The Sixth Circuit has approved a denial of costs in several 'close and difficult' cases involving numerous parties, exhibits, transcript pages, and lengthy opinions." *U.S. ex rel. Pickens v. GLR Constructors, Inc.*, 196 F.R.D. 69, 73 (S.D. Ohio 2000) (collecting cases). Here, the case required the Court to carefully sift through and examine a broad set of consistently dense and hyper-technical evidence. The merits of the action were close enough to necessitate a six-day bench trial between four sets of plaintiffs and one defendant. The trial involved 68 distinct exhibits, often voluminous in and of themselves. At trial, 17 witnesses testified, either in-person or through hundreds of pages of deposition testimony. Eleven of those witnesses were experts. Prior to the bench trial, the Court

ruled on lengthy summary judgment briefings and extensive pretrial evidentiary motions. *See, e.g.,* DE 117; DE 181 (Order on Plaintiffs' Pretrial Motions); DE 183 (Order on United States's Pretrial Objections). Ultimately, the Court resolved the matter in a 40-page memorandum decision. *See* DE 206. Determining the law of the case also presented appreciable difficulty. The underlying FTCA claim demanded a synthesis of three different bodies of law: federal law, Kentucky state law (not to mention the inherent choice-of-law underlayment), and Federal Aviation Administration (FAA) regulations and orders. The FAA materials, in particular, called for an assessment of aviation-related terms and industry-specific standards outside the purview of layman knowledge. Due to the complexities of these concepts, the parties submitted sophisticated expert testimony on air traffic control, piloting, forensic engineering, meteorology, and accident reconstruction. To reach its decision, the Court sorted through this intricate subject matter. Simply, this was exponentially more than a run-of-the-mill tort case. Ultimately, the decision distilled to interpretation of a time span viewed through contradictory expert prisms and the Court's role as fact and law finder. The decision, like the case itself and the tragedy within it, was difficult.

Weighing in favor of a cost award, the United States's victory was significant. Considering the high stakes of the litigation, the United States would have faced substantial financial exposure if the plaintiffs had prevailed instead. *See Pickens*, 196 F.R.D. at 76 ("We believe that the issues, facts, verdict, and the financial consequences that would have been at issue if Defendant lost at trial were significant. . . . [T]he favorable jury verdict amounted to a significant victory for Defendant[.]"). And, since Americans rely on the FAA to ensure the safety of air travel, a losing verdict could have negatively impacted public perception of the FAA, causing reputational damage. However, vindication of such a defense interest, through the litigation, can cut against an additional cost award. *Rosser v. Pipefitters Union Loc. 392*, 885 F. Supp. 1068, 1072 (S.D. Ohio

1995) (determining to tax no costs in part because the litigation result gave the defense "a great benefit from the litigation and vindication" against the plaintiffs' allegations).

Next, the record does not contain any indication that the Foster/Whitaker Plaintiffs (and as applicable, the estates that they represent) are indigent. But while a plaintiff's indigency is a circumstance justifying the denial of costs, *see Singleton*, 241 F.3d at 539, case law does not clearly signal that the inverse is true—*i.e.,* that a plaintiff's *ability* to afford a cost award is a reason to impose one. Thus, this circumstance, though in the equitable mix, is non-determinative and neutral.

While there is little in the record to dispute the necessity of the transcript and witness fees in mounting a trial defense, the reasonableness of those total costs wanes in light of the chilling effect that an award of $46,599.08 would have on future litigants. An award of this heft would surely discourage at least some litigants from pursuing FTCA claims against the United States, dissuading plaintiffs due to concern that they could be on the hook for substantial costs if unsuccessful. *See Pickens*, 196 F.R.D. at 77 (finding that a cost award of $34,695.38 would have a "significant 'chilling effect'" on prospective False Claims Act litigants because "they may be persuaded from bringing complex and expensive FCA actions" if they "face the risk of paying substantial litigation costs to a prevailing defendant"). Further, FTCA claims do act as a check against federal employees, assuring proper access to a tort remedy under the strict confines of what Congress allows. Assuring an avenue for such claims, without unintended economic discouragement via a cost specter, serves the citizenry. Given the total amount sought, the potential chilling effect of a cost award weighs heavily against its imposition in the particular context of this case and litigation course.

The Court, in consideration of the relevant circumstances, finds that the imposition of a cost award would be inequitable in this case. Namely, the Foster/Whitaker Plaintiffs' good faith

8

and propriety in litigating this action, the difficulty and closeness of the case, and the chilling effect that a cost award would have on future litigants render an award unwarranted and not equitable. *See Turner v. United State*s, 736 F. Supp. 2d 980, 1024 (M.D.N.C. 2010) (court using its discretion in a similar FTCA action alleging the negligence of an air traffic controller and denying costs to the prevailing party due to the plaintiffs' good faith and the closeness and difficulty of the case).[4] In its discretion, the Court will not award costs to the United States and denies its bill of costs.[5] The parties are responsible for their own costs in this action.

Since the Court declines to award costs to the United States, it need not address the issue of whether costs should be imposed jointly and severally.

**V.    Conclusion**

For the foregoing reasons, the Court **SUSTAINS** DE 218, **DENIES** DE 208, **TERMINATES** DE 217 per the resolution in this Order, and **GRANTS** DE 209. No costs will be taxed.

This the 27th day of January, 2025.

Signed By:
*Robert E. Wier*
United States District Judge

---

[4] The Foster/Whitaker Plaintiffs consistently reference the lives lost in connection with the aircraft accident and the "emotionally charged" circumstances of the case as justifying the denial of a cost award. *See* DE 209 at 2, 4; DE 210 at 2, 4. While undoubtedly tragic, the nature of the underlying facts is not a circumstance relevant to whether the imposition of a cost award would be inequitable.

[5] Plaintiff Stewart did not explicitly object to the cost award in the record. However, the Court finds that the rationale in this decision applies with equal force as to Plaintiff Stewart and will not levy any costs against her.